UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRIS SACHJEN,

        Plaintiff,                        Case No. 1:19-cv-334

v.                                             Honorable Robert J. Jonker

COUNTY OF CASS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Cass County and the Cass County Sheriff Department.

## Discussion

    I.        Factual Allegations

Plaintiff is presently detained at the Cass County Jail. The events about which he complains occurred during his arrest in Cass County and his detention at the Cass County Jail.

Plaintiff sues Cass County, the Cass County Sheriff Department, and an unknown Michigan State Police (MSP) trooper (Unknown Party).

Plaintiff alleges that, on May 1, 2017, he led a Cass County Deputy and Defendant MSP trooper on a foot chase. Once he realized that the deputy was going to catch him, Plaintiff laid down, face-first, and interlocked his hands on his head, as instructed by the deputy. As the deputy was cuffing Plaintiff, Defendant MSP trooper arrived and jumped on Plaintiff, driving his knee into Plaintiff's knee and breaking it. While jumping on Plaintiff, Defendant trooper yelled, "Quit resisting." (Compl, ECF No. 1, PageID.3.) Plaintiff states that he was not resisting, and he claims that the deputy stated in his report that Plaintiff did not resist. Plaintiff asserts that Defendant MSP trooper maliciously intended to hurt Plaintiff because he was angry about the foot chase.

When Plaintiff arrived at the Cass County Jail, both he and the deputy informed the booking officers that he had been injured during the chase and arrest. The booking officers refused to get medical attention for Plaintiff. Plaintiff claims that it took him one week to get the jail nurse to perform x-rays, which revealed a broken knee. Plaintiff contends that jail personnel were deliberately indifferent to his serious medical needs. Two years after the incident, Plaintiff continues to suffer pain and cannot work. He has been forced to take drugs for his pain and resulting depression. Plaintiff alleges that he also experiences panic attacks when he sees police officers and has nightmares.

Plaintiff seeks nominal and punitive damages.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Cass County Sheriff Department & Cass County

Plaintiff sues the Cass County Sheriff Department. The sheriff department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the Court will dismiss Plaintiff's claim against the Cass County Sheriff Department.

Plaintiff also sues Cass County. A local government such as a muncipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. Mich. Comp. Laws § 51.75 (sheriff has the "charge

and custody" of the jails in his county); Mich. Comp. Laws § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); Mich. Comp. Laws § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cty.*, 103 F.3d at 507 (citations and quotations omitted).

Plaintiff's only allegation about the county or county personnel is that, in early May 2017, unnamed booking officers and a nurse were deliberately indifferent to his need for medical care for a period of a week. At best, Plaintiff's allegation can be construed as a claim that the sheriff was negligent in overseeing his subordinates in the delivery of medical care. It is not an allegation that the actions of the sheriff showed that he had a custom of failing to act which resulted in the conduct that caused Plaintiff's injuries. Plaintiff's allegation does not show that the sheriff

5

took "a course of action deliberately chosen from among various alternatives." *Claiborne Cty.*, 103 F.3d at 507. Moreover, mere negligence in failing to take preventive measures is insufficient to show § 1983 liability. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988). In other words, allegations that there were negligent acts by the sheriff as the policymaker for Cass County, without a showing that the acts were the result of a policy or custom, do not support liability under § 1983. *Molton*, 839 F.2d at 246. Thus, Plaintiff has failed to allege that the sheriff, as final policymaker for conditions of the jail and operations of the deputies, had a policy or custom that caused plaintiff to be deprived of a constitutional right.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of a policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). The Court therefore will dismiss Plaintiff's action against Cass County, because Plaintiff has failed to state a claim upon which relief may be granted.

### B. Defendant Unknown Party

Plaintiff has sued an unknown MSP trooper, alleging that the officer intentionally used force against him in order to cause pain, despite the fact that Plaintiff was on the ground with his hands placed behind his head, was not resisting arrest, and was already being handcuffed by a Cass County deputy.

Plaintiff alleges that Defendant Unknown MSP trooper used excessive force in arresting him. "Where, as here, [an] excessive force claim arises in the context of an arrest or investigatory stop of a free person, it is most properly characterized as one invoking the protections

6

of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 366, 394 (1989) (quoting U.S. Const. amend. IV). The right to make an arrest or investigatory stop has long been recognized to permit "some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)). Determining whether the force used in a seizure was "reasonable" within the meaning of the Fourth Amendment requires consideration of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). The inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 138 (1978)). Moreover, the reasonableness of the force must be judged from the perspective of a reasonable officer on the scene, "rather than with the 20/20 vision of hindsight." *Id.* at 396.

Upon initial review, the Court concludes that Plaintiff's allegations against the only remaining Defendant, the unknown MSP trooper (Unknown Party), are sufficient to state a claim. Nevertheless, because Plaintiff provides no identifying information about Defendant Unknown Party, this Court lacks sufficient information to order service of the complaint at this time. Plaintiff shall have 90 days to provide the Court with identifying information about Defendant Unknown Party. Failure to comply with the Court's order may result in dismissal of the complaint against Defendant Unknown Party without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Cass County and the Cass County Sheriff Office will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's complaint against the unknown Michigan state trooper (Defendant Unknown Party) will remain in the case. Plaintiff shall have 90 days to provide identifying information sufficient for service of the complaint on Defendant Unknown Party or face dismissal of his action against that Defendant without prejudice.

An order consistent with this opinion will be entered.


Dated:     June 21, 2019                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE