UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS SACHJEN,

    Plaintiff,

Case No. 1:19-cv-334

Hon. Robert J. Jonker

v.

CASS COUNTY, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* action brought against Cass County, the Cass County Sheriff's Department, and Michigan State Police Trooper Adam Kowalk.  This matter is now before the Court on defendant Kowalk's combined motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and for summary judgment (ECF No. 18).[1]

    **I.**    **Discussion**

Plaintiff alleged that on May 1, 2017, he led defendant Trooper Kowalk and a Cass County Deputy on a foot chase.  Eventually, plaintiff stopped fleeing and laid down.  While the deputy placed him in handcuffs, Trooper Kowalk allegedly jumped on plaintiff and broke his knee. *See* Opinion (ECF No. 7, PageID.26).  Plaintiff claims that defendants violated his constitutional rights.  The Court dismissed defendants Cass County and the Cass County Sheriff's Department for failure to state a claim and allowed the case to proceed against Trooper Kowalk on plaintiff's claim that Kowalk used excessive force in violation of the Fourth Amendment. *See* Opinion (ECF No. 7, PageID.30-32) and Order (ECF No. 8).

---

[1] The Court notes that while defendant Kowalk refers to his motion as one for summary judgment, the first relief he seeks is a dismissal for lack of prosecution.

Defendant Kowalk filed his answer on November 1, 2019 (ECF No. 12) and the Court entered a case management order on November 12, 2019 (ECF No. 13). The docket sheet reflects very little pre-trial activity. Defendant Kowalk's dispositive motion seeks two separate types of relief: dismissal of the case for lack of prosecution and summary judgment on the merits of the Fourth Amendment claim. The record reflects that plaintiff has abandoned this case. Plaintiff last contacted the Court on December 19, 2019, to return a signature page on an unsigned motion (ECF No. 17). At that time, he was in the Cass County Jail. Plaintiff has not provided the Court with a change of address since that date nor has he responded to defendant's dispositive motion. The most recent Court order (ECF No. 21) was returned as undeliverable on May 21, 2020 (ECF No. 22).

As discussed, Trooper Kowalk's dispositive motion seeks dismissal pursuant to Fed. R. Civ. P. 41, which provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). *See Bragg v. Flint Board of Education*, 570 F.3d 775, 777 (6th Cir. 2009) ("By its plain language, an involuntary dismissal under Federal Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect."). Plaintiff cannot file a lawsuit and then disappear. "Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute." *Kosher v. Butler County Jail*, No. 1:12-CV-51, 2012 WL 4808546 at *2 (Sept. 4, 2012), *R&R adopted*, 2012 WL 4808473

(S.D. Ohio Oct. 10, 2012). For these reasons, defendant Kowalk's motion should be granted, and plaintiff's action should be dismissed with prejudice for want of prosecution.[2]

## II.    Recommendation

Accordingly, I respectfully recommend that defendant Kowalk's motion (ECF No. 18) be **GRANTED** to the extent it seeks dismissal pursuant to Fed. R. Civ. P. 41(b) and that this case be **DISMISSED** with prejudice.

Dated:  January 26, 2021            /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] Had defendant's dispositive motion not addressed plaintiff's failure to prosecute, this Court would have raised the issue pursuant to W.D. Mich. LCivR 41.1, which provides that "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules" and that if good cause is not shown, "a district judge may enter an order of dismissal with or without prejudice, without or without costs." W.D. Mich. LCivR 41.1. In this regard, the local court rule explicitly states that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." *Id*. While W.D. Mich. LCivR 41.1 contemplates the issuance of an order to show cause prior to dismissal, such an order would have been a useless act in this case because the Court has no means to contact plaintiff.